IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:13-CV-1149

| | |
|---|---|
| SUPERIOR PERFORMERS, INC. d/b/a NATIONAL AGENTS ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN L. MEAIKE, MARC J. MEADE, BRYANT STONE, FRANK EUFEMIA, JAIME EUFEMIA, and MICHAEL SIZER,<br><br>Defendants. | SUPPLEMENTAL AND SECOND AMENDED COMPLAINT |

COMES NOW Plaintiff Superior Performers, Inc., d/b/a National Agents Alliance ("Plaintiff" or "NAA"), complaining of Defendants, and alleges and says:

1. Plaintiff is a Virginia corporation with its principal place of business in Alamance County, North Carolina.

2. Upon information and belief, Shawn L. Meaike ("Meaike") is a citizen and resident of Connecticut.

3. Upon information and belief, Marc Meade ("Meade") is a citizen and resident of New Jersey.

4. Upon information and belief, Bryant Stone ("Stone") is a citizen and resident of Connecticut.

5. Upon information and belief, Frank Eufemia is a citizen and resident of Maryland.

6. Upon information and belief, Jaime Eufemia is a citizen and resident of Maryland.

7. Upon information and belief, Michael Sizer is a citizen and resident of Connecticut.

8. Meaike, Meade, Stone, Frank Eufemia, Jaime Eufemia, and Sizer are collectively referred to herein as "Defendants."

9. NAA is an Independent Marketing Organization ("IMO") and Managing General Agent ("MGA") to various insurance companies, including American General – AIG Assurity, Fidelity Life Association, Foresters, ING Annuity & Mortgage, ING Reliastar, Mutual of Omaha, Old Mutual Financial Network and United of Omaha (which are collectively referred to as the "Carriers").

10. NAA recruits and trains Agents ("NAA Agents") to sell insurance for those insurance companies for which it acts as an IMO or an MGA. The recruitment and training of each NAA Agent is a significant expense and investment by NAA. This includes training through "NAA University" on-line courses, License Coaches, and a service called ExamFX to assist new agents with obtaining their insurance license, and offers on-going weekly sales and product training conference calls and seminars. NAA also assists each Agent in becoming a qualified representative of the Carriers.

11. Defendants and the other NAA Agents worked under contracts with both NAA and the Carriers to sell life insurance products for the Carriers. Defendants and the other NAA Agents were paid commissions by the Carriers for the products they sold for

the Carriers. NAA also earned commissions based on sales by Defendants and the other NAA Agents.

12. NAA Agents are encouraged to recruit additional NAA agents. Any Agents recruited by an NAA Agent to sell insurance are referred to as "Downline Agents" for the Agent who recruited them. "Upline" Agents also earn commissions based on the sales of Downline Agents. Each of the Defendants had Downline Agents.

13. Each of the Defendants entered into a separate "Agent Agreement" directly with NAA. Copies of the most recent Agent Agreements are attached hereto at **Tab A**. In addition, Meaike, Meade, and Stone signed Management Marketing Agreements ("Management Agreements") with NAA. Copies of the most recent Management Agreements are attached hereto at **Tab B**.

14. The Agent Agreement signed by each Defendant contains provisions prohibiting the following activities for a specified "Restriction Period" (generally defined as including the two year period immediately following the termination of services to NAA):

a. Solicitation for the provision of services or employment of an NAA Agent.

b. Encouraging an NAA Agent to discontinue its relationship with NAA.

c. Establishment of any business relationship related to life insurance produce with any NAA Agent.

d. Solicitation of NAA's customers.

e. Solicitation of NAA's vendors.

*See* Agent Agr. ¶¶ 13, 14, 15, Tab A.

15. The Management Agreements also contained provisions limiting Meaike's, Meade's, and Stone's abilities to compete against NAA within a defined area and during a restricted period. *See* Management Agr. ¶ 8, Tab B.

16. Each of the Agent and Management Agreements was and is reasonable, valid, and enforceable.

17. The Defendants' relationships with NAA terminated in December 2013, except for Sizer, whose relationship with NAA terminated in January 2014.

18. Before he ended his relationship with NAA, Meaike formed an Independent Marketing Organization strikingly similar to NAA, called Family First Life ("FFL").

19. Upon information and belief, when Meade, Stone, Sizer, Frank Eufemia, and Jaime Eufemia left NAA, they joined Meaike at FFL and established a business relationship related to life insurance products with Meaike and each other (directly and through FFL). Upon information and belief, Meaike specifically solicited Meade to leave NAA and to join him and FFL.

20. Meaike, Meade, Stone, Sizer, Frank Eufemia, and Jaime Eufemia, directly or indirectly through other former NAA Agents now associated with FFL, have continually and repeatedly contacted then-current NAA Agents in an effort to entice them to leave NAA for FFL. These attempts continued after the filing of the original

Complaint in this action. Among others, the following NAA Agents are known to have been unsuccessfully solicited by Defendants, directly or indirectly through FFL and former NAA Agents recruited to FFL (designated with *), both to discontinue their relationship with NAA and to establish a business relationship with Defendants through FFL: Stephen Bowery (by Todd Smith*); Tawny Carey's Downline Agents; Len DelGaudio (by Meade); William Cook's Downline Agents (by Meade, Meaike, and other persons affiliated with Meade and Meaike); Keith Woods; Lisa Lyon (by Jerrod Ewing*) and her Downline Agents (by Jerrod Ewing*, Richard Hazouri* and Tamara Hazouri*); Karen Tyson (by Chris Caulk*); Gary Moore; Alvin Kitamura, who, along with others, was solicited via an email from Rodney Santos* (attached as Tab C); Roger Draper and Danielle Byrne (by Matt Hanson*); and Ryan Sauls (by Dominique Rodgers*).

21. The Defendants have sometimes been successful in their recruitment of NAA Agents, such as when Meaike recruited Stone. Attached as Tab D is a list of approximately 280 current and former NAA Agents who are now in a business relationship with Defendants through FFL in violation of Defendants' Agreements listed above. Those individuals are believed to have been encouraged or solicited by Defendants, directly or indirectly, both to discontinue their relationship with NAA and to establish a business relationship with Defendants through FFL.

22. Defendants' solicitation efforts have included attempts (some successful) to recruit entire teams (an NAA Agent and his/her Downline Agents), such as Jerrod Ewing and his team.

23. Each instance of soliciting or encouraging an NAA Agent to discontinue his/her relationship with NAA was a violation of the Defendants' Agent Agreements.

24. Each instance of soliciting or encouraging an NAA Agent to discontinue his/her relationship with NAA was a violation of Meaike's, Meade's, and Stone's Management Agreements.

25. Each instance of soliciting or encouraging an NAA Agent to establish a business relationship with Defendants and/or FFL was a violation of the Defendants' Agent Agreements.

26. Each instance of soliciting or encouraging an NAA Agent to establish a business relationship with Defendants and/or FFL was a violation of Meaike's, Meade's, and Stone's Management Agreements.

27. Each instance of establishing a business relationship with a current or former NAA Agent was a violation of the Defendants' Agent Agreements.

28. Each instance of establishing a business relationship with a current or former NAA Agent was a violation of Meaike's, Meade's, and Stone's Management Agreements.

29. Defendants' conduct in soliciting or encouraging NAA Agents to establish a business relationship with Defendants and/or FFL has caused NAA significant economic damage as well as severe and irreparable harm by, among other things, depriving NAA of the benefit of the training invested in each NAA Agent, disrupting the working relations and productivity of NAA Agent teams, depriving NAA of the revenue

stream each former NAA Agent would generate but for the wrongful recruitment, depriving NAA of a relationship with future Downline Agents recruited by the former NAA Agents, depriving NAA of renewal business from NAA customers previously served by the former NAA Agents, and undermining the relationship between NAA and its Carriers by casting doubt on NAA's ability to provide a stable agent force for their products.

30. Defendants' conduct in soliciting or encouraging NAA Agents to discontinue their relationship with NAA has caused NAA significant economic damage as well as severe and irreparable harm by, among other things, adversely affecting morale and productivity of NAA Agents and interfering with the collaborative work of NAA Agent teams.

31. Defendants' conduct in establishing a business relationship with NAA Agents (directly or through FFL) has caused NAA significant economic damage, has wrongfully enriched Defendants, and has caused NAA severe and irreparable harm by, among other things, depriving NAA of the benefit of the training invested in each NAA Agent, disrupting the working relations and productivity of NAA Agent teams, depriving NAA of the revenue stream each former NAA Agent generates for Defendants/FFL, depriving NAA of a relationship with future Downline Agents recruited by the former NAA Agents, depriving NAA of renewal business from NAA customers previously served by the former NAA Agents, and damaging NAA's competitive advantage.

32. The Agent Agreements (Tab A, ¶25(c)) recognize that breaches of the non-solicitation covenants will cause irreparable harm, in which case NAA "shall be entitled to liquidated damages in the amount equal to the amount of …all payments, commissions, and bonuses paid to Independent Contractor by NAA and the Contracted Insurance Companies for the immediately preceding twelve (12) month period."

33. The Management Agreements (Tab B, ¶17) recognize that breaches of the non-solicitation covenants will cause irreparable harm, in which case NAA "shall be entitled to liquidated damages in the amount equal to the amount of the Bonus paid to Independent Contractor by [NAA]."

34. Each recruited NAA Agent who has now established a business relationship related to life insurance products with Defendants as well as with other former NAA Agents (directly or through FFL) has also violated the same terms of his/her Agent Agreement with NAA.

35. Defendants knew each NAA Agent was subject to an Agent Agreement which, for the Restricted Period, prohibited establishing a business relationship related to life insurance products with Defendants as well as with other former NAA Agents.

36. Defendants' recruitment of NAA Agents to discontinue their relationships with NAA and Defendants' establishment of business relationships related to life insurance products with former NAA Agents was done with malice and to gain an unfair competitive advantage. The purpose of recruiting such large numbers of NAA Agents, in knowing violation of their Agent Agreements with NAA, appears to be to misappropriate

the commercial competitive advantage NAA built up by expending large amounts of time and money to develop and train its network of Agents. Defendants intend to create their own business without the training and development costs incurred by NAA by simply taking NAA's business. Defendants knew that their conduct would harm NAA's ability to compete with Defendants in the insurance business.

37. The Agent Agreements signed by each Defendant contain a provision requiring each Defendant to pay NAA for leads generated by NAA, and to guarantee payment to NAA of leads purchased by any of their Downline agents. ¶ 2, Tab A.

38. Defendants Meade, Stone, and Jaime Eufemia received ordered leads from NAA and failed to pay for them, and are responsible for payment due to NAA for leads purchased by their Downline agents.

39. Those Defendant have failed to pay NAA their debts owed to NAA and therefore are in breach of the Agent Agreement.

40. Defendants Meaike and Jaime Eufemia therefore owe to NAA the debts attributable to both their own lead purchases and those unpaid lead purchases for which they provided NAA a guarantee, the exact amounts to be proven at trial.

41. NAA is entitled to recover from each Defendant NAA's costs, including reasonable attorneys' fees, in enforcing Defendants' obligations under the Agent Agreements. Agent Agr. ¶26, Tab A.

42. NAA is entitled to recover from each Meaike, Meade, and Stone NAA's costs, including reasonable attorneys' fees, in enforcing their obligations under the Management Agreements. Management Agr. ¶18, Tab B.

43. This Court has jurisdiction over this matter pursuant to 28 USC Sec. 1332. Defendants have each consented to jurisdiction in this Court [Agent Agr. ¶22, Tab A; Management Agr. (as to Meaike, Meade, and Stone) ¶13, Tab B]. Venue is proper in this District pursuant to 28 USC Sec. 1391(b).

FIRST CAUSE OF ACTION
(All Defendants – Breach of Contract – Agent Agreements, ¶15(c))

44. The foregoing Paragraphs are incorporated by reference.

45. As discussed above, each Defendant has violated the provisions in his or her Agent Agreement, ¶15(c), prohibiting the solicitation (directly and through FFL) of NAA's Agents to discontinue their relationships with NAA.

46. NAA has suffered damages as a result of Defendants' breaches of contract, such damages being in excess of $75,000. NAA is entitled to recover all damages from Defendants.

47. In addition, NAA has suffered irreparable harm as a result of each Defendant's breaches of contract. Such damages are ongoing and cannot be fully remedied with monetary damages and NAA is entitled to liquidated damages in accordance with Agent Agreement, ¶25(c). NAA is entitled to temporary and permanent injunctive relief against each Defendant requiring each Defendant to comply with his or

her contractual obligations, including those prohibiting solicitation of NAA employees and independent contractors.

48. Pursuant to the terms of the Agent Agreements, ¶26, NAA is further entitled to recover from Defendants NAA's costs, including attorneys' fees, incurred in seeking to enforce the Agent Agreements.

SECOND CAUSE OF ACTION
(All Defendants – Breach of Contract – Agent Agreements, ¶15(a))

49. The foregoing Paragraphs are incorporated by reference.

50. As discussed above, each Defendant has violated the provisions in his or her Agent Agreement, ¶15(a) prohibiting the solicitation (directly and through FFL) of NAA's Agents to form a business relationship with Defendants.

51. NAA has suffered damages as a result of Defendants' breaches of contract, such damages being in excess of $75,000. NAA is entitled to recover all damages from Defendants.

52. In addition, NAA has suffered irreparable harm as a result of each Defendant's breaches of contract. Such damages are ongoing and cannot be fully remedied with monetary damages and NAA is entitled to liquidated damages in accordance with Agent Agreement, ¶25(c). NAA is entitled to temporary and permanent injunctive relief against each Defendant requiring each Defendant to comply with his or her contractual obligations, including those prohibiting solicitation of NAA employees and independent contractors.

53. Pursuant to the terms of the Agent Agreements, ¶26, NAA is further entitled to recover from Defendants NAA's costs, including attorneys' fees, incurred in seeking to enforce the Agent Agreements.

<u>THIRD CAUSE OF ACTION</u>
(All Defendants – Breach of Contract – Agent Agreements, ¶15(d))

54. The foregoing Paragraphs are incorporated by reference.

55. As discussed above, each Defendant has violated the provisions in his or her Agent Agreement, ¶15(d), prohibiting the establishment (directly and through FFL) of a business relationship related to life insurance products with another NAA Agent.

56. NAA has suffered damages as a result of Defendants' breaches of contract, such damages being in excess of $75,000. NAA is entitled to recover all damages from Defendants.

57. In addition, NAA has suffered irreparable harm as a result of each Defendant's breaches of contract. Such damages are ongoing and cannot be fully remedied with monetary damages and NAA is entitled to liquidated damages in accordance with Agent Agreement, ¶25(c). NAA is entitled to temporary and permanent injunctive relief against each Defendant requiring each Defendant to comply with his or her contractual obligations, including those prohibiting establishment of a business relationship relating to the sale of life insurance products with any NAA Agents.

58. Pursuant to the terms of the Agent Agreements, ¶26, NAA is further entitled to recover from Defendants NAA's costs, including attorneys' fees, incurred in seeking to enforce the Agent Agreements.

## FOURTH CAUSE OF ACTION
(Defendants Meaike, Meade, and Stone – Breach of Contract – Management Agreements, ¶8)

59. The foregoing Paragraphs are incorporated by reference.

60. As discussed above, Defendants Meaike, Meade, and Stone have each violated the provisions in his Management Agreement, ¶8, prohibiting the solicitation (directly and through FFL) of NAA's Agents to discontinue their relationships with NAA.

61. NAA has suffered damages as a result of Defendants' breaches of contract, such damages being in excess of $75,000. NAA is entitled to recover all damages from Defendants.

62. In addition, NAA has suffered irreparable harm as a result of each Defendant's breaches of contract. Such damages are ongoing and cannot be fully remedied with monetary damages and NAA is entitled to liquidated damages in accordance with Management Agreement, ¶17. NAA is entitled to temporary and permanent injunctive relief against each Defendant requiring each Defendant to comply with his contractual obligations, including those prohibiting solicitation of NAA employees and independent contractors.

63. Pursuant to the terms of the Management Agreements, ¶18, NAA is further entitled to recover from Defendants Meaike, Meade, and Stone NAA's costs, including attorneys' fees, incurred in seeking to enforce the Management Agreements.

FIFTH CAUSE OF ACTION
(Defendants Meaike, Meade, and Stone – Breach of Contract –
Management Agreements, ¶8)

64. The foregoing Paragraphs are incorporated by reference.

65. As discussed above, Defendants Meaike, Meade, and Stone have each violated the provisions in his Management Agreement, ¶8, prohibiting the solicitation (directly and through FFL) of NAA's Agents to form a business relationship with Defendants.

66. NAA has suffered damages as a result of Defendants' breaches of contract, such damages being in excess of $75,000. NAA is entitled to recover all damages from Defendants.

67. In addition, NAA has suffered irreparable harm as a result of each Defendant's breaches of contract. Such damages are ongoing and cannot be fully remedied with monetary damages and NAA is entitled to liquidated damages in accordance with Management Agreement, ¶17. NAA is entitled to temporary and permanent injunctive relief against each Defendant requiring each Defendant to comply with his contractual obligations, including those prohibiting solicitation of NAA employees and independent contractors.

68. Pursuant to the terms of the Management Agreements, ¶18, NAA is further entitled to recover from Defendants Meaike, Meade, and Stone NAA's costs, including attorneys' fees, incurred in seeking to enforce the Management Agreements.

## SIXTH CAUSE OF ACTION
(Defendants Meaike, Meade, and Stone – Breach of Contract – Management Agreements, ¶8)

69. The foregoing Paragraphs are incorporated by reference.

70. As discussed above, Defendants Meaike, Meade, and Stone have each violated the provisions in his Management Agreement, ¶8, prohibiting the establishment (directly and through FFL) of a business relationship related to life insurance products with another NAA Agent.

71. NAA has suffered damages as a result of Defendants' breaches of contract, such damages being in excess of $75,000. NAA is entitled to recover all damages from Defendants.

72. In addition, NAA has suffered irreparable harm as a result of each Defendant's breaches of contract. Such damages are ongoing and cannot be fully remedied with monetary damages and NAA is entitled to liquidated damages in accordance with Management Agreement, ¶17. NAA is entitled to temporary and permanent injunctive relief against each Defendant requiring each Defendant to comply with his contractual obligations, including those prohibiting establishment of a business relationship relating to the sale of life insurance products with any NAA Agents.

73. Pursuant to the terms of the Management Agreements, ¶18, NAA is further entitled to recover from Defendants Meaike, Meade, and Stone NAA's costs, including attorneys' fees, incurred in seeking to enforce the Management Agreements.

SEVENTH CAUSE OF ACTION
(Defendants Meade, Stone, and Jaime Eufemia – Breach of Contract – Agent Agreements, ¶3)

74. The foregoing Paragraphs are incorporated by reference.

75. As discussed above, Defendants Meade, Stone, and Jaime Eufemia have each breached the Agent Agreement, ¶2, by failing to pay debts owed to NAA.

76. Defendants Meade, Stone, and Jaime Eufemia therefore each owe to NAA the amount of debt owed for lead purchases attributable to him or her and the amounts guaranteed under the Agent Agreements, the exact amounts to be proven at trial.

77. Pursuant to the terms of the Agent Agreements, ¶26, NAA is further entitled to recover from Defendants Meade, Stone, and Jaime Eufemia NAA's costs, including attorneys' fees, incurred in seeking to enforce the Agent Agreements.

EIGHTH CAUSE OF ACTION
(All Defendants – Tortious Interference with Contract and Business Relationships)

*[Leave to amend and assert this claim denied as futile by the Court. See Doc. 207 p. 14]*

NINTH CAUSE OF ACTION
(All Defendants – Tortious Interference with Prospective Business Relationships)

*[Leave to amend and assert this claim denied as futile by the Court. See Doc. 207 p. 14]*

TENTH CAUSE OF ACTION
(Common Law Unfair Competition / Business Conversion)

*[Leave to amend and assert this claim denied as futile by the Court. See Doc. 207 p. 19]*

ELEVENTH CAUSE OF ACTION
(All Defendants – Unfair and deceptive trade practices)

*[Leave to amend and assert this claim denied as futile by the Court. See Doc. 207 pp. 15, 17]*

TWELFTH CAUSE OF ACTION
(All Defendants – Civil Conspiracy)

*[Leave to amend and assert this claim denied as futile by the Court. See Doc. 207 p. 21]*

THIRTEENTH CAUSE OF ACTION
(Defendant Meaike – Wiretapping in violation of 18 U.S.C. § 2510 *et seq*)

*[Leave to amend and assert this claim denied as futile by the Court. See Doc. 207 p. 24]*

WHEREFORE, Plaintiff Superior Performers, Inc., d/b/a National Agents Alliance, prays that the Court:

1. Award temporary and permanent injunctive relief against Defendants enjoining future violations of the Management Agreements and the Agent Agreements, and of 18 U.S.C. § 510 *et seq*;

2. Award it such damages as may be proved at trial, in an amount in excess of $75,000, against Defendants, jointly and severally;

3. Award it liquidated damages as provided in the Agent and Management Agreements against each Defendant, in an amount as proved at trial;

4. Award it attorneys' fees pursuant to the terms of the Management Agreements, the Agent Agreements, and applicable law;

5. Provide a trial by jury as to all issues so triable;

6. Tax the costs of this action against Defendants; and

7. Award it such other relief as to the Court seems just and proper.

This the 19th day of November, 2014.

/s/ Robert J. King III
Robert J. King III
NC State Bar No.: 15946
rking@brookspierce.com

William P. H. Cary
NC State Bar No.: 7651
wcary@brookspierce.com

Daniel F. E. Smith
NC State Bar No.: 41601
dsmith@brookspierce.com

*Attorneys for Plaintiff Superior Performers, Inc. d/b/a National Agents Alliance*

OF COUNSEL:

**BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P.**
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: 336/373-8850
Facsimile: 336/378-1001

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

This the 19th day of November 2014.

/s/ Robert J. King III
Robert J. King III